## Case No. 6,940.

### HURST et al. v. WICKERLY.

[1 Wash. C. C. 276.] 1

Circuit Court, D. Pennsylvania. April Term, 1805.

#### TRIAL—CONTINUANCE.

It is no ground for a continuance of a cause, that there has been published a report of the evidence, the arguments of counsel, and the charge of the court. in a case which had been tried; depending upon the same facts and principles. The publication of such a report of the proceedings of the court, is proper.

When this cause was called for trial, the plaintiff [lessee of Hurst and Carr] moved to put it off, because a statement had appeared in a newspaper, since the trial of the case of

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

Hurst v. Durnell [Case No. 6,927], in which a short account of the evidence, of the points made by the counsel, and of the charge of the court, was given; and, in which it was mentioned, that that was one, out of about eighty causes, depending for property in the Northern Liberties. The ground of the motion was, that this statement, which Mr. Ingersoll admitted had been inserted by one of the defendant's counsel, was calculated to produce a prejudice against the plaintiff.

[A similar case was tried in Case No. 6,936, and a motion for the payment of attorney's fees was decided in Case No. 6,928.

Before WASHINGTON, Circuit Justice, and PETERS, District Judge.

WASHINGTON, Circuit Justice. It is very improper for either party to a cause, to publish his case before the trial takes place; because, he must necessarily make partial statements of the law or the fact, or both; which are always calculated to excite prepossessions unfavourable to an impartial trial. The facts stated, are not what have been proved, according to the rules of law; and, the law is not stated, as the judges have pronounced it. The whole is ex parte. But, this is the first time that I ever heard it contended, that the report of what had passed in a court, whose proceedings and doings are all public, was improper. On the contrary, I wish that reports were made of all important trials, so soon as they have taken place. And, because there may be a cause on the docket, depending on the same principles, shall this information be suppressed, until it shall appear, that every such case has been determined? But. it is said, that such a publication affords a cause for continuing the other causes, because of the prejudice it may have produced on the public mind. Now, my opinion is quite otherwise. We all know, that prejudices become more inveterate, as they ripen by age, and in the soil of ignorance. We seldom recollect the particular facts and arguments, which have led our minds to particular prejudices. The impressions gather strength, and take deeper root, the longer they remain unremoved. The sooner, therefore, the attempt is made to remove them, the better. But, I cannot perceive how a report of a trial in one cause, can create an improper bias in another, though depending on the same principle; and still more difficult is it to discover, how such a prejudice, if it exist, can be less next term than it now is. Will the plaintiff endeavour to remove it, by the same means that it was created? This he cannot do, if his principles be correct. In the case of Hurst v. Durnell [supra], three verdicts were read, given in cases depending on the same title, as persuasive evidence in that cause. This was not objected to. How then can a statement of a fourth verdict, be considered as an improper attempt to create a prejudice? I am, therefore of opinion, that the reason as-

signed is not sufficient for continuing this cause.

PETERS, District Judge, gave a separate opinion; in which he concurred, that the reasons assigned, were not sufficient to con- tinue the cause.